The opinion of the court was delivered by
Rogers, J.
The enrolment of the militia is the first step towards the complete organization of the military force of the state. Acting with a view to this primary object, the legislature have taken more than usual pains to provide persons whose duty it shall be to make thé enrolment. . In the seventeenth section they have prescribed the manner of the election of the captains of companies. If captains are not elected, they provide that the commanding officer may appoint, and also make the sanie provision when no election has been held. By the ninth section, it is made the duty of the captains to enrol every person, subject to militia duty, within. the bounds of his company.
The legislature seem to have foreseen, that these salutary prolusions might, in some sections of the state, be evaded; and have therefore enacted, in the twenty-eighth section, “ That if it shall happen, that the public officers shall not be'elected -in any regiment or battalion of militia, or in any company or companies thereof; or who, being elected, shall fail to perform the 'duties required, in causing the militia to be enrolled, &c., it shall be the duty of the brigade inspector of the proper brigade, as soon after the first Monday in June, in every year, as conveniently may be, to employ one or more persons to enrol all and every person residing within the bounds of every such regiment or battalion, or of any such company or companies thereof, and liable to perform duty in the militia, who shall proceed in the same manner, and have the like authorities as are'given to captains or commanding officers by the ninth section of the act.”
The contingency having happened after the first Monday in June, as above provided, the brigade inspector employed John Tompkins to enrol the persons liable to perform military duty, within the bounds of what was called the East Goshen company, attached to the 49th regiment of Pennsylvania militia, in the county of Chester.
All the brigade inspector requires for his protection, is the fact that the proper officers were not elected, or, if elected, that they had failed to perform the duties required. In such case it became his duty, (that the mischief which necessarily arose from a want of a proper enrolment might be avoided,) to appoint some person to enrol the men within the bounds of the company. This the brigade inspector has done, as directed by the act of assembly, and for this fie, and the constable, who executed his warrant, have been held liable as trespassers. An omission to do this, as required by the legislature, who are the sole judges of its propriety, would, in my judgment, be a dereliction of duty, for which he would have. *152 been liable to, and have deserved punishment. Extraordinary pains appear to have been taken to procure the proper officers, which fro.m some cause that may be easily conjectured, but does not distinctly appear, altogether failed. The failure, however, cannot with any semblance of reason, be attributed to the brigade inspector or Colonel Smith, and still, less to the constable, who appears to have been anxious to afford the company an opportunity of being trained^ and by this means avoiding the fine inflicted by the twenty-eighth section. If was 'for precisely such a case the section was intended, and for the court to give it a different construction would be to disregard the plain injunctions of the act. We cannot fail to perceive, that to avoid such attempted evasions, the twenty-eighth section was, for the first time, introduced into the militia law of the 2d of April, 1822. Aware of the difficulties which had heretofore been throHvn in the way.of the organization of the militia, the intelligent chairman of the military committee inserted this new principle. The fine imposed by the twenty-eighth section is intended-to operate as a penalty on the individuals within the bounds of'the company, whose duty it was to elect, or otherwise provide, the proper officers in the regiment. They shall not be permitted by combination, or even neglect, to avoid enrolment, and by this device escape from the performance of military duty. Even if the people had no opportunity of choosing their officers, as it is clear that they had, no blame is imputable to the brigade inspector, nor the constable, to whom his warrant was directed. .
Believing, therefore, that the Court of Common Pleas erred' in refusing the testimony, the judgmérit is reversed, and a venire de novo awarded.
Huston, J.
As the militia law, under which the proceedings which led to this, action arose, is repealed, as I understand,: and supplied by-another, I should not have taken the trouble to put my opibion in this-case in writing, were it not that it/ seems to me to involve an important principle. ' •
The defendant here and plaintiff below, with eighty-seven others, are, as is alleged, liable to each a fine of two dollars per annum, for an indefinite period, without any fault of omission, or any unlawful act done by them or any of them. Such a case calls for reflection.
I shall refer to so much of the militia law as seems necessary to understand their situation.
By the 14th section, the brigade inspector is to appoint the time, and advertise for the election of a colonel and lieutenant colonel, in each regiment, and a major in each battalion.
By the 11th section, if any of these officers refuse to accept, die, resign, or rémove, the.brigade inspector shall forthwith proceed to the election of another..
*153 By the 19th section, the election of company officers shall be appointed, advertised,' &c., by the major of the battalion, or lieutenant colonel of the regiment, and if one third of the enrolled militia men in any company do not vote, or if no election be held at the time appointed, or if those elected should refuse to serve, or to perform the duties of their office, the brigade inspector shall inform the colonel, who shall appoint officers, or order a new election.
By the 23d section, not less than five companies compose a battalion, and not less than six companies a regiment.
In 1821, an election was held in this regiment, and a colonel, lieutenant colonel, and two majors, were chosen. The colonel, and one major accepted, and were commissioned, and the lieutenant colonel and the major of this battalion refused to accept. Two other elections for a major were held, and a person elected each time, who refused to serve. No second election for a lieutenant colonel was ever ordered: there being no major, and no lieutenant colonel, no election was ever held or even ordered for officers of this company, of East Goshen; and, let it be remembered, the company could not itself order, or hold an election. It must also be remembered, that if there was any.fault in electing the majors, at least four companies must have joined in the commission of that fault, and the other battalions had a part in the election of the lieutenant colonel. The brigade inspector was bound to proceed until he got an officer as major and lieutenant colonel, or at least, to inform the colonel, and he was bound to appoint company officers. The colonel says he was inquiring for company officers. The law says he shall appoint them, and if he can excuse himself, and fine the citizens by this vague, senseless phrase, inquiring for company officers, there is no meaning, and no justice in the law. How far did he live from that company, and of whom did he. inquire? The legal mode was to appoint men to be officers, and if they refused, to appoint others, or to advertise an election, which the colonel may do, and which two years after he did do; and if no one attended the election, then, and not till then, are the company in fault.
The 28th section is relied on: it provides that if the proper, officers shall not be elected in any regiment or battalion of militia, or in any company or companies thereof, or who being elected, shall fail to perform the duties required, in causing, the militia to be enrolled and trained, and returns made according to law, it shall be the duty of the brigade inspector, &c., to cause them to be enrolled, &c., and to fine every man in the company two dollars. Take this section alone, and it is a most oppressive, and unreasonable provision; but take all the previous sections, and it is susceptible of a reasonable and just construction. It had been previously provided that if the brigade inspector, colonel, lieutenant colonel, or major neglected their duty, each or all of them might be arrested and fined. If all of them had done their duty, and the *154 wholé of a company or battalion refused to elect, there is some reason and justice in subjecting every man to an annual fine of two dollars. But I do not believe the legislature intended, or that the fair construction of the whole law will show, they intended to put it in the power of any brigade inspector to omit to call an election for a major or lieutenant colonel, and then omit to give the colonel notice to appoint.company officers, and yet fine a whole company for not electing officers whom they could not elect, or not appointing officers, to appoint whom was the duty of the colonel. The men must first be put in default: it must, at least, be possible for them to do their duty, before they can be fined for not doing it. If the proper officers are not elected by the fault of the men, who refuse to attend an election, let them be fined; but if they are not elected, because the brigade inspector, who alone can do it, never appointed an election, he, and not the men, is punishable, and there is provision in the law to punish him. If the men elect officers who will not do their duty, there may be some colour of justice in fining them; bat if they never had an opportunity of electing, to fine them is most unreasonable.
All .the other companies, or a majority’ of them, must have joined in the election of those officers who refused to serve, yet the punishment is inflicted on the men of this company alone.
But this is not the only inconvenience and injustice arising from the construction contended for. The sixty-first section prescribes the mode of calling the militia into actual service, and this can only be done by the company officers proceeding to have them classed in the manner there prescribed; and no man not classed, can be legally called into service, or fined for not serving. The doctrine contended for by this brigade inspector, although ■ it oppresses these men in peace, exempts them from service in war, and deprives the country of that protection which is the end and design of’ all militia systems.
I then hold, that where the brigade inspector, colonel, and other officers, have so far done their duty, as to make it possible for a company to elect officers, or to meet and train under those appointed by the colonel, and the company are in default, the 28th section applies — but deny that any fair or rational construction of this law subjects men to a fine, for not doing what the very law-rendered it impossible for them to do: and the law does render it impossible for them to elect, until their officers appoint the time and place of election. I think the Court of Common Pleas was ' right.
Judgment reversed, and a venire facias de novo awarded.